UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON DEMARCO HARDEN,

    Petitioner,

v.

CASE NO. 14-12362
HONORABLE DENISE PAGE HOOD

CATHLEEN STODDARD,

    Respondent.

_____/

**ORDER DENYING PETITIONER'S REQUEST FOR A STAY,
DISMISSING THE HABEAS CORPUS PETITION,
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I.  INTRODUCTION**

This matter is pending before the Court on petitioner Jason Demarco Harden's petition for the writ of habeas corpus under 28 U.S.C. § 2254 and his request for a stay of these proceedings.  Petitioner alleges that, in 2005 he was convicted of four counts of armed robbery, Mich. Comp. Laws § 750.529, one count of carjacking, Mich. Comp. Laws § 750.529a, and one count of felony firearm, Mich. Comp. Laws § 750.227b.  On February 9, 2005, the state trial court sentenced Petitioner to a term of eighteen years, nine months, to forty years in prison for the armed robbery convictions, fifteen to thirty years for the carjacking conviction, and two years for the felony firearm conviction.

Petitioner appealed his convictions on grounds that he was denied his right to effective assistance of trial counsel, that there was insufficient evidence to convict him of one armed robbery, and that the prosecutor made improper remarks at trial. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* opinion. *See People v. Hardin*, No. 261156, 2006 WL 1652703 (Mich. Ct. App. June 15, 2006). Petitioner apparently did not seek leave to appeal in the Michigan Supreme Court.

On June 17, 2013, the United States Supreme Court issued its decision in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013). The plurality opinion in *Alleyne* states: "Facts that increase the mandatory minimum sentence are . . . elements [of the crime] and must be submitted to the jury and found beyond a reasonable doubt." *Id*. at 2158.

Petitioner subsequently filed a motion for relief from judgment in the state trial court, arguing that his sentences were unconstitutional under *Alleyne.* The post-conviction motion was still pending on June 17, 2014, when Petitioner filed his habeas corpus petition in this Court. His ground for habeas relief is that, under *Alleyne,* his sentences were imposed in violation of the Fifth and Sixth Amendments to the United States Constitution. Because Petitioner's motion for relief from judgment is pending in state court, he has asked the Court to stay his federal case

2

while he exhausts state remedies. He contends that, absent a stay, the one-year statute of limitations for habeas petitions poses a grave concern.[1] He urges the Court to hold his habeas petition in abeyance because his habeas claim is meritorious, he is not engaged in dilatory tactics, and there was "good cause" for not raising his claim

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year period of limitation for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi,* __ U.S. __, __, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The limitation period runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The limitation period is tolled, however, during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi,* 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

sooner.

## II. DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 535 (2012). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. at 845.

Ordinarily, the Court would consider staying a habeas case where the petitioner has not exhausted state remedies for one or more of his claims and the one-year statute of limitations is set to expire. Under the "stay-and-abeyance" procedure approved by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), a court may stay a federal proceeding and hold a habeas petition in abeyance while the inmate returns to state court to exhaust state remedies for previously unexhausted claims. *Id*. at 275. After the petitioner exhausts state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id*. at 275-76.

Petitioner, however, admits that more than a year has elapsed since his conviction became final and that his habeas petition is time-barred under 28 U.S.C.

§ 2244(d)(1)(A).[2] He argues in favor of a delayed start to the limitations period under 28 U.S.C. § 2244(d)(1)(C), which permits courts to calculate the limitations period from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Relying on § 2244(d)(1)(C), Petitioner contends that the statute of limitations in his case began to run on June 17, 2013, when the Supreme Court issued its decision in *Alleyne.*

Even if the Court were to assume that *Alleyne* announced a new constitutional rule, the Supreme Court has not decided whether *Alleyne* is retroactive on collateral review, and the Sixth Circuit recently ruled that *Alleyne* is *not* retroactive on collateral review. *See In re Mazzio*, __ F.3d __, __, 2014 WL 2853722, at *2 - *3 (6th Cir. June 24, 2014). Consequently, there is no basis for holding that, under §

---

[2] Petitioner's conviction became final on August 10, 2006, when the fifty-six-day deadline for seeking leave to appeal in the Michigan Supreme Court expired. *See* Mich. Ct. R. 7.302(C)(2) (requiring applications for leave to appeal in criminal cases to be filed in the Michigan Supreme Court within fifty-six days of a decision by the Michigan Court of Appeals); *see also Gonzalez v. Thaler*, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012) (stating that, for inmates like Petitioner who did not pursue direct review to the United States Supreme Court, the judgment becomes final when the time for pursuing direct review in state court or in the United States Supreme Court expires). The statute of limitations in Petitioner's case commenced on August 11, 2006, the day after his conviction became final, *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000), and it expired one year later on August 10, 2007.

2244(d)(1)(C), the limitations period began to run on June 17, 2013, when the Supreme Court decided *Alleyne.*

### III. CONCLUSION

Petitioner concedes that his habeas petition is untimely if the period of limitations is calculated from the date that his conviction became final under 28 U.S.C. § 2244(d)(1)(A). And the Court has determined that Petitioner is not entitled to a delayed start to the limitations period under 28 U.S.C. § 2244(d)(1)(C). The habeas petition is time-barred. The Court therefore denies Petitioner's request for a stay and summarily dismisses his habeas corpus petition (Docket No. 1) for failure to comply with the one-year statute of limitations.

The Court declines to grant a certificate of appealability because reasonable jurists would not find it debatable whether the pleading "states a valid claim of the denial of a constitutional right" or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 20, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 20, 2014, by electronic and/or ordinary mail.

S/Julie Owens acting in the absence of LaShawn R. Saulsberry
Case Manager